By the Court :
The relator appears to be imprisoned for three several terms of one hundred and eighty days each, without any specification as to the time of beginning or ending of the two last terms of imprisonment. The sentences pronounced by the court do not provide that the period of imprisonment under these convictions are to commence at any future period, or after the expiration of the period mentioned in the former judgment. This omission is fatal to any imprisonment which exceeds that of a single sentence. The law is well settled that in a criminal case there is no error in a judgment making one term of imprisonment commence when another terminates, and when this forms part of the sentence, the judgment is then considered sufficiently certain a's to the time when the successive sentences are to be carried into execution. (Rex v. Wilkes, 4 Bur., 2577-8; Kite v. Commonwealth, 11 Metc., 585; The Commonwealth v. Leath, 1 Va. Cases, 151.)
It was contended at the argument that the commitment might be resorted to as part of the record for the purpose of justifying the imprisonment beyond the first conviction, and it was sought to give effect to a memorandum on the commitments that they were to take effect after each other. In the first place, it is a rule that all process after judgment must strictly pursue the latter. A mittimus is merely to furnish the officer to whom it is directed a justification for the detention of the prisoner. It cannot be used to control or vary the judgment, which is the only matter that can be carried into effect. So that even if this memorandum were embodied in *27 the commitment, it could have no effect, for the reason that mere process can never be resorted to for the purpose of enlarging what the court has solemnly adjudged. The sentences in the second and third cases do not state that each imprisonment is to commence from and after the expiration of the imprisonment in those which preceded, and that important modification could not be added by a memorandum on the process.
The order dismissing the writ must be reversed, and as the relator has undergone confinement for the full period of a single sentence, he must be discharged from further custody.